|   |   |   |
|---|---|---|
| 1 | **UNITED STATES DISTRICT COURT** | |
| 2 | **DISTRICT OF NEVADA** | |
| 3 | Giovanni Kurtze, | Case No.: 2:18-cv-00539-JAD-PAL |
| 4 | Plaintiff | |
| 5 | v. | **Order Screening Second Amended Complaint** |
| 6 | Joseph Lombardo, | [ECF No. 1] |
| 7 | Defendant | |

Plaintiff Giovanni Kurtze brings this civil-rights action under 42 U.S.C. § 1983, claiming that his First Amendment outgoing mail rights were violated at the Clark County Detention Center (CCDC).[1] Kurtze applies to proceed *in forma pauperis*,[2] I grant his application for pauper status and screen his second amended complaint under 28 U.S.C. § 1915A. Because I find that Kurtze has not pled a proper claim, I grant him leave to file a third amended complaint by May 24, 2019.

### Background[3]

On June 15, 2017, Kurtze a pretrial detainee at CCDC who was representing himself in a murder trial, mailed a letter to the Special Public Defender in Las Vegas.[4] However, "it did not get mail[ed] out."[5] Kurtze filed grievances with the sergeant and lieutenants but nothing

---

[1] ECF No. 7 (second amended complaint).
[2] ECF No. 1.
[3] These facts are merely a summary of the plaintiff's allegations and are not intended as findings of fact.
[4] ECF No. 7 at 3–4.
[5] *Id.* at 4.

happened.[6]  Kurtze theorizes that Sheriff Joseph Lombardo violated his rights by "not supervising staff correctly."[7]  So, he sues Sheriff Lombardo for a First Amendment outgoing mail violation claim,[8] seeking monetary damages.[9]

**Discussion**

**A.  Kurtze has three strikes, but this claim is not bared.**

Title 28 U.S.C. § 1915(g) provides:  "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Essentially, this three-strikes rule prevents prisoner litigants from filing new actions or appeals *in forma pauperis* when they've thrice abused the prisoner-litigation process by filing frivolous claims in the past.  Once a prisoner litigant has three strikes, he will not be granted pauper status for new cases or appeals unless he demonstrates that he "is under imminent danger of serious physical injury."[10]  Although Kurtze has incurred three strikes under § 1915(g),[11] he filed this case before this court issued the third strike.  So § 1915(g) does

---

[6] *Id.* at 3.

[7] *Id.* at 4.

[8] ECF No. 7 at 4.

[9] *Id.* at 9.

[10] 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1057 (9th Cir. 2007).

[11] *See Kurtze v. State of Nevada et al.*, 2:17-cv-00208-APG-PAL (dismissed with prejudice for failure to state a claim on February 2, 2018); *Kurtze v. Johnson et al.*, 2:17-cv-02375-RFB-CWH (dismissed with prejudice for failure to state a claim on May 1, 2018); *Kurtze v. Johnson, et al.*, 2:17-cv-02756-JAD-GWF (dismissed with prejudice for failure to state a claim on December 3, 2018).  The court takes judicial notice of its prior records in the above matters.

not bar this lawsuit, but Kurtze is cautioned that future pauper-status lawsuits may be barred under this provision.

**B.    Kurtze's claim does not withstand screening.**

### *1.    Screening standard*

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.[12] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, or that fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[13] All or part of the complaint may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis in law or fact. This includes claims based on legal conclusions that are untenable, like claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations or fantastic or delusional scenarios.[14]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief.[15] In making this determination, the court takes all allegations of material fact as true and construes them in the light most favorable to the plaintiff.[16] Allegations of a *pro se* complainant are held to less

---

[12] *See* 28 U.S.C. § 1915A(a).

[13] *See* 28 U.S.C. § 1915A(b)(1)(2).

[14] *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[15] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[16] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

stringent standards than formal pleadings drafted by lawyers,[17] but a plaintiff must provide more than mere labels and conclusions.[18] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[19] "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20]

### 2. Analyzing Kurtze's claim

Generally, inmates have a First Amendment right to send and receive mail.[21] Regulations concerning outgoing mail must further "important or substantial governmental interest[s] unrelated to the suppression of expression" and must be generally necessary to protect legitimate government interests.[22] Regulations concerning outgoing mail must more closely fit the interest served than regulations concerning incoming mail.[23] Jail officials may justifiably censor outgoing mail concerning escape plans, information about proposed criminal activity, or the transmittal of encoded messages.[24] Jail officials may also visually inspect outgoing mail to determine whether it contains contraband material which threatens security or material threatening the safety of the recipient.[25] To plead a claim against a supervisor for free speech

---

[17] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that pro se pleadings must be liberally construed).

[18] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[20] *Id*.

[21] *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995).

[22] *Procunier v. Martinez*, 416 U.S. 396, 413–14 (1974), *limited by Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989) ("[w]e acknowledge today that the logic of our analyses in *Martinez* and *Turner* requires that *Martinez* be limited to regulations concerning outgoing correspondence").

[23] *Witherow*, 52 F.3d at 265.

[24] *Martinez*, 416 U.S. at 413.

[25] *Witherow*, 52 F.3d at 266.

violations under the First Amendment, a plaintiff need only allege "facts that demonstrate an immediate supervisor knew about the subordinate violating another's federal constitutional right to free speech, and acquiescence in that violation."[26]

Kurtze fails to allege a colorable First Amendment outgoing mail violation here. Kurtze only sues Sheriff Lombardo for failing to supervise his staff. But Kurtze includes no allegations in about who failed to send his mail and whether Lombardo knew about this incident. Because Kurtze has filed to allege facts that demonstrate that Lombardo knew about a constitutional violation and acquiesced in it, as required to state a supervisor-liability claim against the sheriff, I dismiss this claim without prejudice and grant Kurtze leave to amend his First Amendment outgoing mail claim if he can plead true facts to support it.

## C.  Leave to amend

If Kurtze chooses to file a third amended complaint, he is advised that a third amended complaint supersedes (replaces) the original, first, and second amended complaints, so the third amended complaint must be complete in itself.[27] He must file the third amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "Third Amended Complaint." Kurtze must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, he should allege <u>facts</u> sufficient to show what <u>each</u> defendant did to violate his civil rights. **He must file the third amended complaint by May 24, 2019.**

---

[26] *OSU Student All. v. Ray*, 699 F.3d 1053, 1075 (9th Cir. 2012).

[27] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

5

**Conclusion**

IT IS THEREFORE ORDERED that the application to proceed *in forma pauperis* without having to prepay the full filing fee **[ECF No. 1] is GRANTED**.[28] Petitioner need not pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but he is still required to pay the full $350 filing fee under 28 U.S.C. § 1915, as amended. This full filing fee will remain due and owing even if this case is dismissed or otherwise unsuccessful.

In order to ensure that petitioner pays the full filing fee, IT IS FURTHER ORDERED that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of **Giovanni Kurtze, #1206860** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk is directed to SEND a copy of this order to the attention of **Chief of Inmate Services for the Nevada Department of Prisons,** P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that the operative complaint is **the second amended complaint**, and that all claims in that complaint **[ECF No. 7] are DISMISSED in their entirety, without prejudice, for failure to state a claim.**

IT IS FURTHER ORDERED that **the Clerk of the Court is directed to SEND** Kurtze the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his second amended complaint [ECF No. 7]. If Kurtze chooses to file a third amended complaint, he must use the approved form and write the words "Third Amended" above the words "Civil Rights Complaint" in the caption. The third amended complaint will be screened in

---

[28] This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

6

a separate screening order, and **the screening process will take <u>many months</u>. If Kurtze does not file a third amended complaint, by May 24, 2019, the court will dismiss this case with prejudice for failure to state a claim.**

Dated: April 23, 2019

_____
U.S. District Judge